# REYNOLDS *vs.* BROWN.

The docket of a deceased justice of the peace, although evidence, in a subsequent suit between the same parties, to prove that a judgment was rendered by him, is not evidence in a suit between others, to show what constable served the summons, nor the amount of his fees.

With respect to that matter the docket is *res inter alios acta.*

THIS was an action of assumpsit, for goods sold, &c., and the money counts were added. The answer denied the plaintiff's account, and set up an off-set for services as constable, money, work and labor, &c. The cause was tried by a jury. Evidence was given by both parties tending to prove their respective ac-

Reynolds *v.* Brown.

counts. The defendant then introduced a docket kept by Calvin L. Parker, and proved that it was his docket; that at the time, &c. he was a justice, and that he was dead. The defendant then offered to prove, by entries made by Parker in his docket, the service of a large number of summonses by the defendant, for the plaintiff, and from the same entries the amount of fees the defendant was entitled to recover from the plaintiff as a set-off in this case. This evidence was objected to by the plaintiff's counsel on the grounds, 1. That the docket was not evidence that the defendant served the summonses, or did the other business mentioned therein. 2. That if it was evidence of the service, it was not evidence of the amount of fees he was entitled to recover from the plaintiff. The plaintiff's objections were overruled and the docket allowed as evidence to prove the defendant's services, and the amount of his fees. The witness, Norton, then, after examining the docket, said he found that the defendant had served summonses for the plaintiff to the amount of $22,98, as appeared by entries therein. Other evidence was given, and the verdict was for the defendant for $3,03 damages, on which the justice gave judgment with costs. The plaintiff appealed to the county court, and the county judge certified that he was counsel, &c.

*J. A. Perine*, for the appellant.

*Wm. H. Brown*, for the respondent.

*By the Court*, WILLARD, P. J. The only question in the case is whether the docket of the deceased justice, Parker, was evidence to prove the defendant's services as constable, rendered for the plaintiff, and their amount.

The justice is required, by law, (2 *R. S.* 268, § 243,) to keep a docket, in which he shall enter certain things, among which the name of the constable who served the process, and his fees, are not mentioned. He is required to state therein to what constable he issued the execution. By a subsequent section, he is allowed, in addition to the above, to enter any other proceed-

ings in the cause which he shall think useful to enter in such book.

The facts which the justice is required to enter are doubtless evidence between the same parties; but even these cannot be binding upon strangers. (*See Cornell* v. *Moulton,* 3 *Denio,* 12.) In the last mentioned case it was held that the return of the justice was not evidence of the time when the summons was delivered to the constable. ( *Wolfe* v. *Washburn,* 6 *Cowen,* 261. *Cowen & Hill's Notes,* 820–6, 1105–9.) The docket of the deceased justice was doubtless evidence to prove that a judgment had been rendered between these parties, but it was not evidence to prove what constable served the summons, nor the amount of his fees. With respect to that matter it was *res inter alios acta.*

The respondent insists that the objections were too general. It appears to me they were sufficiently specific, and were well taken.

Judgment of the justice reversed.

